UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMRANJOT SINGH (A-245-702-344), | Case No.  1:26-cv-00325-DC-CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al., | |
| Respondents. | |

Petitioner Simranjot Singh (A-245-702-344), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and exceeds statutory authority.  (Id. (claims one through three).)  For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." <u>I.N.S. v. St. Cyr</u>, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687 (2001).

**II.      DISCUSSION**

On January 15, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On January 16, 2026, the district court ordered respondents to file an opposition or statement of non-opposition to the motion for a temporary restraining order and to substantively address whether any provision of law or fact in this case would distinguish it from the district court's decisions in <u>Labrador-Prato v. Noem, et al.</u>*,* 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), <u>Selis Tinoco v. Noem, et al</u>*.,* 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), and other similar cases previously decided by the district court, or indicate that the matter is not substantively distinguishable.  (ECF No. 4.)  On January 20, 2026, respondents filed an opposition to the motion for a temporary restraining order and preliminary injunction.  (ECF No. 7.)  In the opposition, respondents argued that "the detention authority in this case is lawful under the Constitution and applicable provisions of the Immigration and Nationality Act" ("INA").  (<u>Id.</u> at 1.)  Respondents also conceded they did not have legal arguments to distinguish this case from previous orders issued by the district court, nor did they identify material factual differences between this case and <u>Labrador-Prato v. Noem, et al.</u>*,* 2025 WL 3458802 or <u>Selis Tinoco v. Noem, et al</u>*.,* 2025 WL 3567862.  (<u>See</u> <u>id.</u>)  Respondents do not oppose converting the motion for a temporary restraining order to a motion for a preliminary injunction, and waived oral argument.  (<u>Id.</u> at 1-2.)

On January 21, 2026, the district court granted petitioner's motion for a temporary restraining order and issued a preliminary injunction on the same terms given that the standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a

preliminary injunction.  (ECF No. 8 (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).)  The district court noted that while respondents contended that petitioner's detention is lawful under the Constitution and applicable provisions of the INA, they acknowledged that the district court's decisions in Labrador-Prato v. Noem, et al., 2025 WL 3458802 and Selis Tinoco v. Noem, et al., 2025 WL 3567862 are not distinguishable from this case.  (ECF No. 8.)  In addition to granting petitioner's immediate release, the district court ordered respondents not to impose any additional restriction on petitioner, such as electronic monitoring, unless determined to be necessary at a future pre-deprivation/custody hearing.  (Id.) If the Government seeks to re-detain petitioner, it must provide no less than 7 days' notice and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which hearing petitioner's eligibility for bond must be considered. (Id.)  The district court referred this action to the assigned Magistrate Judge for further proceedings.  (Id.)

On February 13, 2026, in response to this Court's order requiring respondents to file a status report, respondents stated they opposed the underlying petition for the reasons discussed in their opposition to the temporary restraining order and prior cases named by the district court, but that they did not have additional briefing to provide to the Court.  (ECF No. 10.)  Briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary injunction and issuance of a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on separate findings that petitioner is subject to 8 U.S.C. § 1226 (claim three) and that respondents violated petitioner's Fifth Amendment procedural due process rights by re-detaining him and continuing to detain him without a hearing (claim two).  See Labrador-Prato v. Noem, et al., 2025 WL 3458802; Selis Tinoco v. Noem, et al., 2025 WL 3567862.  Because the resolution of the statutory claim (claim three) and the procedural due process claim (claim two) provide the relief requested, the Court need not reach the first claim.  This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government

demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing.

### III.    CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Simranjot Singh (A-245-702-344) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, sing0325.26

4